### In re MIDLAND UNITED CO.
### No. 1073.

District Court, D. Delaware.
Sept. 6, 1934.

Hugh M. Morris, of Wilmington, Del., and Henry H. Hornbrook (of Smith, Remster, Hornbrook & Smith), of Indianapolis, Ind., for the debtor.

NIELDS, District Judge.

In proceedings for reorganization, Midland United Company filed its petition in this court under section 77B of the Bankruptcy Act (11 USCA § 207). This petition was forthwith approved. Thereupon the debtor petitioned the court for transfer of the proceedings to the United States District Court for the Northern District of Indiana, South Bend Division, on the ground that the interests of all the parties would be best subserved thereby.

Section 77B, paragraph (a), prescribes the jurisdictions where petitions for reorganization may be filed and the jurisdictions to which the proceedings may be transferred: "The petition shall be filed with the court in whose territorial jurisdiction the corporation. during the preceding six months or the greater portion thereof, has had its principal place of business or its principal assets, or in any territorial jurisdiction in the State in which it was incorporated. The court shall upon petition transfer such proceedings to the territorial jurisdiction where the interests of all the parties will be best subserved."

An original petition under this section may be filed only in one of three territorial jurisdictions: (1) Where the company has its principal place of business; (2) where the company has its principal assets; and (3) in its domicile. This petition was filed in the territorial jurisdiction of the domicile. There remained only two territorial jurisdictions in which the original petition could have been filed.

The petition for transfer is supported by numerous affidavits to the effect that the interests of all parties would be best subserved by transfer to the Northern District of Indiana. There is no averment or proof that the Indiana district is one of the two remaining territorial jurisdictions in which the original petition might have been filed. The contrary was assumed and tacitly admitted at the argument.

The debtor bases its right to transfer upon the second sentence of the paragraph quoted above: "The court shall upon petition transfer such proceedings to the territorial jurisdiction where the interests of all the parties will be best subserved."

Standing by itself, this sentence lends some support to the debtor's contention. Single sentences, however, cannot be selected and construed by themselves. The sentence immediately preceding defines the meaning of "territorial jurisdiction." By reasonable con-

struction the same meaning attaches to the same words in the succeeding sentence relating to transfer. The intention of Congress was to prescribe three territorial jurisdictions in which corporate reorganization proceedings might be conducted. After proceedings are instituted in one of the three territorial jurisdictions, the court is empowered to transfer the proceedings to either of the other territorial jurisdictions, provided the interests of all the parties will be best subserved thereby.

To adopt the construction of the statute suggested by the debtor would open the door of every district of the country for transfer. Thus the question of the ultimate jurisdiction would become a controversial fact to be resolved in every case by weighing evidence and not to be determined by the language of the statute itself. This wide jurisdictional field was never intended by the Congress.

The application to transfer must be denied.