## In re SYNDICATE OIL CORPORATION.*
### No. 1082.

District Court, D. Delaware.
Sept. 14, 1934.

Hugh M. Morris, and Alexander L. Nichols, both of Wilmington, Del., for debtor.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., and Lewis Clinton, of Rochester, N. Y., for creditor petitioning for transfer.

NIELDS, District Judge.

In proceedings for reorganization, Syndicate Oil Corporation, a corporation of Delaware, filed its petition in this court under section 77B of the Bankruptcy Act (11 USCA § 207). This petition was forthwith approved and the debtor ordered temporarily to continue in possession of its property.

At the hearing whether the debtor should continue in possession or whether a perma-

*Order reversed on rehearing 9 F. Supp. 127.

nent trustee should be appointed, Samuel Jardine, a resident of Toronto, Canada, and a secured creditor in the sum of $12,455.95, filed his petition seeking a transfer of this proceeding to the Western District of New York. The petition avers that the interests of all the parties would be best subserved thereby because the main office of the debtor is, and has been for years, in Rochester, N. Y.; the president of the debtor resides in Rochester; the corporate records are there; the officers and directors of the debtor reside there; all meetings of the directors and stockholders, have been held there; the majority of the stockholders and creditors reside within that district; and the trial of the issues there will be more convenient and far more economical.

The debtor objects to transfer on two grounds: (1) The Western District of New York is not a territorial jurisdiction to which the proceedings may be transferred under section 77B; and (2) the interests of the parties will not be best subserved by the transfer.

The business of the debtor consists in acquiring and dealing in oil and gas leases, oil and gas royalties, and the production and sale of crude oil and gas. It is not engaged in the retail sale and marketing of its products. Its principal assets and all of its physical properties are located in Kansas, Texas, and New Mexico. The greater portion of its physical assets and properties are in Kansas. None of those properties are in the states of New York or Delaware. The corporation has an office in the West convenient to its properties where its business is carried on. At that office are kept all of its primary records. The producing operations are under the direction and supervision of that office. Contracts relating to the sale of its products are there negotiated. That office has charge of the workmen employed in the field and plants. It is the operative headquarters of the company.

The corporation also maintains an office in Rochester, N. Y., where its president and general manager reside. There meetings of directors and stockholders are held. Such is the sole purpose served by the Rochester office. The corporation has no license to do business in the state of New York.

This court has recently determined that the right to transfer under section 77B is confined to some one of the three territorial jurisdictions in which a debtor's petition might be originally filed. In re Midland United Co. (D. C.) 8 F. Supp. 92.[1] As the Western

District of New York is not the locus of the debtor's assets or its domicile, the issue in this case is narrowed to the single question: Did the debtor have its principal place of business in New York? That is a question of fact. From the foregoing recital of facts, it is clear that the debtor's principal place of business is in the West and not in the Western District of New York. Home Powder Co. v. Geis (C. C. A. 8) 204 F. 568; Dryden v. Ranger Refining & Pipe Line Co. (C. C. A. 5) 280 F. 257; In re Pusey & Jones Co. (C. C. A. 2) 286 F. 88.

Upon a proper showing, this court will never hesitate to transfer a proceeding instituted in this district to a proper territorial jurisdiction. It is unnecessary to pass upon the second objection to transfer. It should be noted, however, that a very large percentage of both secured and unsecured creditors have appeared and affirmatively expressed a desire that the proceedings be continued in this district.

The petition to transfer must be denied.